UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-24969-CIV-ALTONAGA/Reid

**CIN CORP**,

    Plaintiff,
v.

**THE INDIVIDUALS, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A"**,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court *sua sponte*. On January 2, 2025, Plaintiff, CIN Corp filed Schedule A [ECF No. 7-5] under seal, identifying 128 Defendants it alleges are infringing its trademarks and counterfeiting its trademarked products. On January 7, 2025, upon review of Schedule A and the allegations in the Amended Complaint [ECF No. 7], the Court entered an Order [ECF No. 18] requiring Plaintiff to explain why Defendants are properly joined in this single action. On January 21, 2025, Plaintiff filed its Response [ECF No. 22]. The Court has carefully considered the record, Plaintiff's submissions, and the applicable law. For the following reasons, the Court concludes joinder is improper.

Defendants have allegedly created commercial internet stores purporting to sell Plaintiff's trademarked products, but they are instead selling inferior imitations of those products. (*See* Am. Compl. ¶¶ 60, 72). As the Court previously explained in its January 7, 2025 Order, Federal Rule of Civil Procedure 20(a)(2) only permits joinder of parties where a plaintiff's right to relief arises "out of the same transaction, occurrence, or series of transactions or occurrences[.]" *Id.* (alteration

added).  In its previous Order, the Court expressed concern that Plaintiff did not meet this requirement with its generalized allegations regarding the similarities between Defendants and their allegedly infringing actions.  (*See* Jan. 7, 2025 Order 2–5).[1]

Having reviewed Plaintiff's Response, the Court addresses the following issues: (1) the applicable law; (2) the sufficiency of Plaintiff's allegations; and (3) the discretionary factors for joinder.

***Applicable law.***  Plaintiff draws the Court's attention to cases finding that joinder is proper in actions like this one because a "swarm of attacks" on Plaintiff's trademark rights constitutes a single "occurrence" of mass harm under Rule 20.  (Resp. 2–3 (quotation marks omitted; citing *Bose Corp. v. P'ships & Unincorporated Ass'ns Identified on Schedule "A" ("Bose")*, 334 F.R.D. 511, 517 (N.D. Ill. 2020))).  Plaintiff describes this reasoning as the position held by "the majority of district courts" and asserts that permitting joinder in this action would be "consistent with *hundreds* of factually similar cases[.]"  (*Id.* 3 (alteration added; emphasis in original; citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966))).

Plaintiff's reliance on *Bose* overlooks a split in authority *within the same District*.  *See, e.g.*, *Estée Lauder Cosms. Ltd. v. P'ships & Unincorporated Ass'ns Identified on Schedule A ("Estée Lauder")*, 334 F.R.D. 182, 187 (N.D. Ill. 2020).  In cases like *Estée Lauder*, courts in the Northern District of Illinois have held "that it is not enough for a plaintiff to simply allege that multiple defendants have infringed the same patent or trademark to meet Rule 20's requirements."  *Id.* (collecting cases).  In *Bose*, the court recognized that reasoning like that used in *Estée Lauder* has been adopted by "[m]any courts around the country[.]"  334 F.R.D. at 515 (alterations added).

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

Nonetheless, the court noted, "the majority of courts" in the Northern District of Illinois have rejected such a narrow view and concluded that, even when a single transaction cannot be alleged, a single occurrence arising from a "swarm of attacks" may be sufficient to satisfy Rule 20. *Id.* at 515–17 (collecting cases). Courts within that District have recognized this split in authority. *See, e.g.*, *Bailie v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, 734 F. Supp. 3d 798, 803–04 (N.D. Ill. 2024) (comparing the reasoning underlying *Bose* and *Estée Lauder* and finding the latter more persuasive).

The undersigned, like other courts in this District and elsewhere, remains convinced that Rule 20 operates more strictly than Plaintiff asserts. (*See* Jan. 7, 2025 Order 4 (collecting cases)); *Zuru Inc. v. Individuals, P'ships, & Unincorporated Ass'ns Identified on Schedule "A"*, No. 22-cv-23504, 2023 WL 4014802, at *2 (S.D. Fla. Feb. 28, 2023) (same); *Animaccord Ltd. v. Individuals, P'ships, & Unincorporated Ass'ns Identified on Schedule "A"*, No. 22-cv-60956, 2023 WL 5625501, at *2 (S.D. Fla. Feb. 28, 2023) (same). As other courts have pointed out, the reasoning in cases like *Bose* — however compelling from a policy perspective — lacks a limiting principle and conflicts with long-standing precedent to the contrary. *See Bailie*, 734 F. Supp. 3d at 803–04; *cf. AF Holdings, LLC v. Does 1–1058*, 752 F.3d 990, 998 (D.C. Cir. 2014).

Importantly, these courts have held that similarities between defendants and their allegedly infringing actions are insufficient to satisfy Rule 20. "[S]imply committing the same type of violation in the same way does not link defendants together for the purposes of joinder." *Omega, SA v. Individuals, Bus. Entities, & Unincorporated Ass'ns Identified on Schedule A*, 650 F. Supp. 3d 1349, 1353 (S.D. Fla. 2023) (alteration added; quoting *AF Holdings, LLC*, 752 F.3d at 998; quotation marks omitted).

CASE NO. 24-24969-CIV-ALTONAGA/Reid

***Plaintiff's allegations.*** Because Plaintiff must show more than just similarities between Defendants' allegedly infringing actions, it also concludes Defendants are improperly joined. Plaintiff does not allege any coordination or commonalities among Defendants; rather, Plaintiff asserts that "Defendants are all engaging in the same systematic approach of establishing an esoteric online storefront to redistribute illegal products from the same or similar sources while maintaining financial accounts that" are easily concealable. (Resp. 8; *see also* Am. Compl. ¶ 82). Such "broad, conclusory allegations of connectivity do not establish a sufficient connection between [d]efendants to permit joinder." *Omega, S.A.*, 650 F. Supp. 3d at 1353 (alteration added; citation omitted); *see also Kay v. Individuals, P'ships & Unincorporated*, No. 23-cv-22755, 2023 WL 6809762, at *2 (S.D. Fla. Oct. 16, 2023) (deeming insufficient a plaintiff's allegations that defendants' conduct was "'logically related' because 'all [d]efendants' are using 'the same systematic approach'" (alteration added; other alteration adopted; citation omitted)).

Further, Plaintiff's hope that discovery may later reveal — as it allegedly has in similar cases — overlapping ownership of seller IDs (*see* Resp. 9–12) is speculative and cannot justify joinder. Rule 20 requires more than a hypothetical future connection; it demands a present showing of a logical relationship based on the allegations in the Amended Complaint. *Cf. Horry v. Triplett*, No. 23-cv-00123, 2023 WL 6142355, at *4 (M.D. Ga. Sept. 20, 2023), *report and recommendation adopted*, No. 23-cv-00123, Order [ECF No. 25], filed Nov. 17, 2023 (M.D. Ga. 2024) ("Plaintiff's bare suggestion of a [potential] conspiracy or retaliatory motive is not enough to show that his claims bear any logical relationship to one another for purposes of Rule 20." (alteration added)).

***Discretionary factors.*** Even if joinder were permissible under Rule 20, the Court would not exercise its "broad discretion" to join Defendants. *Swan v. Ray*, 293 F.3d 1252, 1253 (11th

Cir. 2002) (citation omitted). "In making a joinder decision, the district court is guided by the underlying purpose of joinder, which is to promote trial convenience and expedite the resolution of disputes[.]" *Id.* (alteration added; quotation marks and citation omitted); *see also Est. of Amergi ex rel. Amergi v. Palestinian Auth.*, 611 F.3d 1350, 1367 (11th Cir. 2010) (affirming the severance of claims by a district court "try[ing] to simplify a case that was becoming increasingly unmanageable" (alteration added)). The Court also considers fairness and prejudice to the parties. *See Roberts v. Mando Am. Corp.*, No. 20-cv-438, 2021 WL 664844, at *2 (M.D. Ala. Feb. 19, 2021).

Here again, the undersigned agrees with other courts that have concluded Plaintiff's approach to actions like this one does not promote judicial economy or protect the interests of the parties involved. *See, e.g.*, *Omega, SA*, 650 F. Supp. 3d at 1353 (citation omitted). Certainly, Plaintiff has an important interest in protecting its trademark rights, and, without actions like these, faces the difficulty and cost of bringing many nearly identical lawsuits. (*See* Resp. 12–14). Yet, Plaintiff's convenience is not the only consideration. Proceeding with 128 Defendants in a single action requires the Clerk's Office to manually input all of them into the Court's electronic filing system and the Court to "evaluate the evidence submitted against *each* Defendant in support of liability and damages." *Omega, SA*, 650 F. Supp. 3d at 1353 (emphasis in original; citation omitted).

Joinder also prejudices Defendants by "unduly complicat[ing] the action against them, requiring each to monitor filings and wade through evidence pertaining to dozens of potentially unrelated codefendants." *Id.* (alteration added). Further, joinder subjects Defendants to the possibility of far-reaching *ex parte* relief (*see, e.g.*, Pl.'s *Ex Parte* Appl. . . . [ECF No. 14]); while the Court is mindful of Plaintiff's harm and loss, it is equally mindful of Defendants' due process

5

CASE NO. 24-24969-CIV-ALTONAGA/Reid

rights. *See Viking Arm AS v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 24-cv-1566, 2024 WL 2953105, at *2 (N.D. Ill. June 6, 2024) (citation omitted).

Accordingly, it is

**ORDERED** that Defendants 2–128 on Plaintiff's Schedule A **[ECF No. 7-5]** are **DISMISSED** without prejudice. This case may proceed against the first named Defendant.

**DONE AND ORDERED** in Miami, Florida, this 24th day of January, 2025.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:   counsel of record